**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO: 1:26-CV-22554-KMM**

MATIAS HERCOVICH MONTALBA,

    Plaintiff,

    v.

EQUIFAX INFORMATION
SERVICES, LLC, and BMW
FINANCIAL SERVICES N.A., LLC,

    Defendants.

### EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

325736377v.1

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## __INTRODUCTION__

## __COMPLAINT ¶1:__

The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

## __ANSWER:__

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## __COMPLAINT ¶2:__

However, unfortunately this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can and do sustain substantial damage, both economically and emotionally, whenever inaccurate or fraudulent information is disseminated and/or obtained about them. In fact, Defendant Equifax acknowledges this potential for misuse and resulting damage every time they sell their respective credit monitoring services to a consumer.

## __ANSWER:__

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

2

**COMPLAINT ¶3:**

The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers, and other similar interested parties), commonly called "consumer reports," concerning individuals who may be applying for retail credit, housing, employment, or a car or mortgage loan.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

325736377v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶6:**

One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

See 15 U.S.C. § 1681(a)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶7:**

The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which

4

can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW Inc*., 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 cong. Rec. 36570 (1970)] (emphasis added).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶8:**

The FCRA also requires CRAs to conduct a reasonable reinvestigation to determine whether information disputed by consumers is inaccurate and record the current status of the, disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which the CRA receives the notice of dispute from the consumer. This mandate exists to ensure that consumer disputes are handled in a timely manner and that inaccurate information contained within a consumer's credit report is corrected and/or deleted so as to not prevent said consumer from benefiting from his or her credit and obtaining new credit.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

5

325736377v.1

**COMPLAINT ¶9:**

In light of these important findings and purposes, Congress specifically noted "a need to insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." See 15 U. S.C. § 1681(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶10:**

The FCRA also requires furnishers of information, a creditor or other third party that provides information about consumer to a CRA, upon notice, to conduct a reasonable reinvestigation of all disputes with regard to the completeness or accuracy of any information it provides to the CRAs regarding a consumer and modify, delete, or permanently block any items of information found to be inaccurate, incomplete, or unverifiable after said reinvestigation is completed.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶11:**

Plaintiff's claims arise out of Defendant Equifax's blatantly inaccurate credit reporting, wherein Equifax reported to Plaintiff's potential creditors that Plaintiff had delinquencies on his BMW Financial account where none such existed.

325736377v.1

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Accordingly, Plaintiff brings claims against Defendant Equifax for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b), and failing to conduct a reasonable reinvestigation to determine whether information Plaintiff disputed was inaccurate and record the current status of the disputed information, or delete the disputed information from Plaintiff's credit file, in violation of the FCRA, 15 U.S.C. § 1681i.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Plaintiff also brings a claim against Defendant BMW for failing to fully and properly reinvestigate Plaintiff's disputes and review all relevant information provided by Plaintiff and Defendant Equifax, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendants for their willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., as described herein.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## PARTIES

**COMPLAINT ¶15:**

Matias Hercovich Montalba ("Plaintiff" or "Mr. Hercovich") is a natural person residing in Doral, Florida, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶16:**

Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Florida, including within this District. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

8

**ANSWER:**

Equifax admits that it is a limited liability company that maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax further admits that it is registered to do business in the State of Florida and that it may be served through its registered agent, Corporation Service Company.

**COMPLAINT ¶17:**

Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶18:**

Defendant BMW Financial Services N.A., LLC, ("BMW Financial") is an automotive finance company with its headquarters located at 200 BMW Drive, Woodcliff Lake, NJ 07677 and is authorized to do business in the State of Florida, including within this District. BMW Financial can be served through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶19:**

As an automotive financing company that reporting information to the credit bureaus, including Equifax, BMW Financial is a "furnisher" of consumer information, as defined in 15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**JURISDICTION AND VENUE**

**COMPLAINT ¶20:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits

that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶21:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

10

325736377v.1

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## FACTS
### Summary of the Fair Credit Reporting Act

**COMPLAINT ¶22:**

The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶23:**

The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. § 1681(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

11

325736377v.1

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶24:**

Specifically, the statute was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. See 15 U.S.C. § 1681(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶25:**

To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (15 U.S.C. § 1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (15 U.S.C. § 1681i).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325736377v.1

**COMPLAINT ¶26:**

The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**Factual Background**

**COMPLAINT ¶27:**

The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Defendant Equifax sells millions of consumer reports (often called "credit reports" or "reports") per day, and also sells credit scores.

325736377v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Pursuant to 15 U.S.C. § 1681e(b), consumer reporting agencies, like Defendant Equifax, are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶30:**

Pursuant to 15 U.S.C. §§ 1681b and 1681e(a), consumer reporting agencies, like Defendant Equifax, must maintain reasonable procedures to assure that consumer reports are sold only for legitimate "permissible purposes."

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325736377v.1

**COMPLAINT ¶31:**

Defendant Equifax's consumer reports generally contain the following information:

(d)     Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers;

(d)     Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status;

(d)     Public Record Information: this section typically includes public record information, such as bankruptcy filings; and,

(d)     Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Defendant Equifax obtains consumer information from various sources. Some consumer information is sent directly to Defendant Equifax by furnishers.

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a

325736377v.1

belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶33:

The majority of institutions that offer financial services (e.g., banks, creditors, and lenders) rely upon consumer reports from CRAs (like Defendant Equifax) to make lending decisions.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶34:

Those institutions also use FICO Scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, and date of delinquencies contained in Defendant Equifax's consumer reports.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶35:

The information Defendant Equifax includes in a consumer report contributes to a consumer's overall creditworthiness and determines their FICO Scores.

325736377v.1

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶36:</u>**

FICO Scores are calculated using information contained in Defendant Equifax's consumer reports.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶37:</u>**

Defendant Equifax knows that FICO and other third-party algorithms (as well as the algorithms owned by CRAs) use variables or "attributes" derived from a consumer's consumer report to calculate a "credit score," which is a direct reflection of a consumer's creditworthiness.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶38:</u>**

Defendant Equifax knows that lenders also 'consider a consumer's debt-to-income ratio (DTI) before deciding to extend credit or approve financing terms.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

DTI compares the total amount a consumer owes to the total amount a consumer earns.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

The higher the amount of reported debt that a consumer has, or appears to have, or is rather reported to have, the less favorable the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms. Rather, if offered credit at all, consumers will be offered less credit and at higher interest rates.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Defendant Equifax routinely reports inaccurate and materially misleading information about consumers like Plaintiff, without verifying or updating it as required by Section 1681e(b) of the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶42:**

Defendant Equifax fails to employ reasonable procedures to assure the maximum possible accuracy of the information that it reports about consumers, including but not limited to, account balances, account statuses, payment histories, and payment statuses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶43:**

Consumers have filed thousands of lawsuits and FTC and Consumer Financial Protection Bureau Complaints against Defendant Equifax for its inaccurate credit reporting.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Thus, Defendant Equifax is on continued notice of its inadequate reporting procedures. Specifically, Defendant Equifax is on notice that its inadequate procedures regularly result in the reporting of inaccurate balances, account statuses, payment histories, and payment statuses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325736377v.1

**COMPLAINT ¶45:**

Defendant Equifax has received and documented many disputes from consumers complaining that Equifax reported inaccurate information about them.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff's Lease of a BMW Vehicle**

**COMPLAINT ¶46:**

On February 28, 2021, Plaintiff entered into a lease for a BMW X1 through Braman Motor Cars, a dealership with outlets in West Palm Beach and Miami, Florida, and financed the Lease through Defendant BMW.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Plaintiff leased the vehicle for his wife, as he had already had a leased vehicle with Braman.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶48:**

In or around late 2023 early 2024, before the end date of the lease, Plaintiff returned his leased BMW X1 to Braman Motors. Due to his good standing and ongoing relationship with Braman Motors, Plaintiff was told he would not have to pay for the excess mileage on his vehicle. Additionally, Plaintiff had insurance with Axiom, which covered any excess wear and tear on the vehicle.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

When Plaintiff returned the vehicle, he was given a Braman Miami Lease Termination Form, which indicated N/A for the amount owned for any excess wear and tear or mileage. At that point, Plaintiff believed he had no additional balance associated with the BMW X1 lease.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

In or around June 2025, Plaintiff attempted to purchase an investment home but was subsequently denied.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

Plaintiff had been actively looking for an investment property. He had visited many properties with a realtor and worked with a broker to make a plan for the purchase. However, when Plaintiff applied, he was denied the financial plan he had elaborated with the broker due to his credit score. Plaintiff was confused since he knew he had great credit, but was then told that the reason for this denial was a derogatory BMW Financial account, which showed several delinquencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

In or around June 2025, Plaintiff decided to review a copy of his credit reports and was shocked to see that his BMW Financial account, account number *****5757, had been delinquent since March 2025 with a remaining balance of $1,896.00.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶53:**

In or around this time, Plaintiff contacted BMW Financial Services over the phone to obtain more information regarding the debt. Plaintiff was told that his account had been moved to collections with Weltman, Weiner & Reis ("WWR").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶54:**

On or about June 16, 2025, BMW Financial sent Plaintiff a copy of his transaction history for his account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶55:**

Plaintiff then contacted WWR regarding the delinquent account as well. On July 9, 2025, WWR responded to Plaintiff's direct dispute and provided documents regarding the loan. This is when Plaintiff first found out that delinquency notices had been sent to his old residential address on May 13, 2024 and June 16, 2024, as well as two settlement offers on July 17, 2024 and December 19, 2024.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶56:**

Plaintiff did not understand why BMW Financial sent the delinquency notices to his old address when they had his current address, which was associated with his new BMW Financial lease. Regardless, Plaintiff had never been made aware of the delinquency.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

In or around early July 2025, Plaintiff reached out to Braman Motors concerning his ongoing issues and filed a dispute with them concerning the wear and tear and excess mileage charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

On July 23, 2025, "Caleb", Finance and Insurance Director at Braman Motors, reached out to Plaintiff regarding dispute about the excess wear and tear and mileage.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶59:**

On July 31, 2025, Plaintiff filed multiple disputes with the Consumer Financial Protection Bureau ("CFPB") against Braman Motors, BMW Financial, Experian, Equifax, and Trans Union. Around this time, Plaintiff also sent a dispute letter to WWR and disputed the BMW accounts with each of the credit bureaus via mail.

**ANSWER:**

Equifax admits that on or about July 31, 2025, it received a CFPB complaint submitted by Plaintiff concerning the BMW account. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

On August 4, 2025, Caleb from Braman Motors informed Plaintiff that his claims had been processed and a credit of $1,896.04 had been approved. Plaintiff was also directed to contact BMW Financial regarding the credit.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

In or around August 2025, Plaintiff tried to resolve the credit reporting issue with BMW Financial directly once again. On August 8, 2025, BMW responded and informed Plaintiff that the account has been put in collections since it has been unsatisfied for over 364 days. BMW also included documents showing that Plaintiff was assessed an excess mileage charge of $1,072.00 along with other fees totaling to $2,122.00.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

On August 14, 2025, Plaintiff received a letter from BMW Financial stating he needed to mail a dispute as they do not investigate phone, fax, message, or email disputes from consumers. The letter also provided instructions on how to dispute with the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

On August 15, 2025, a payment of $1,156.04 (payment for excess mileage) was posted on PC's BMW Financial account by Braman Motors.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

On August 23, 2025, Plaintiff received a copy of the final Vehicle Return Statement for BMW Financial.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶65:**

On August 27, 2025, the remaining $740 was `sent out' to BMW Financial. Braman informed Plaintiff that he should wait a few days for the payment to reflect on his account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶66:**

On September 4, 2025, BMW Financial sent a letter to Plaintiff informing him that his account had been terminated and has been paid in full.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**Plaintiff's Dispute to Equifax Prior to September 2025
Regarding the Inaccurate Credit Reporting**

**COMPLAINT ¶67:**

Prior to September 2025, Plaintiff was extremely shocked, surprised, and embarrassed at Defendant Equifax's and non-parties Trans Union's and Experian's

27

inaccurate reporting. In response, Plaintiff disputed the inaccurate information that Plaintiff had a delinquency on his credit with non-parties Trans Union and Experian, and Defendant Equifax.

**ANSWER:**

Equifax admits that in June 2025 and August 2025, it received online disputes from Plaintiff concerning the BMW account. Equifax denies reporting inaccurate information.

**COMPLAINT ¶68:**

Prior to September 6, 2025, Plaintiff disputed the inaccurate information with Equifax. Plaintiff requested that Defendant Equifax reinvestigate the disputed information, correct the reporting, and for each to send him a corrected copy of his credit report.

**ANSWER:**

Equifax admits that in June 2025 and August 2025, it received online disputes from Plaintiff concerning the BMW account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

### Defendant Equifax's Unreasonable Dispute Reinvestigation Of the September 6, 2025 Dispute

**COMPLAINT ¶69:**

Upon information and belief, Equifax sent Defendant BMW an automated credit dispute verification ("ACDV") pursuant to Plaintiff's September 2025 dispute to Equifax.

**ANSWER:**

Equifax admits that it contacted BMW, via ACDV, in connection with its investigation of Plaintiff's dispute received on September 6, 2025.

325736377v.1

**COMPLAINT ¶70:**

On September 6, 2025, Equifax responded and informed Plaintiff that they had updated the tradeline but was still reporting that Plaintiff was delinquent from March 2025 to August 2025. The balance, however, had been removed.

**ANSWER:**

Equifax admits that on September 6, 2025, it sent Plaintiff reinvestigation results, the contents of which speak for themselves.

**COMPLAINT ¶71:**

Upon information and belief, Defendant Equifax failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

Upon information and belief, Defendant Equifax failed to conduct a reasonable reinvestigation of Plaintiff's September 6, 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered prior to September 6, 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

29

**Defendant BMW Financial's Unreasonable Dispute Reinvestigation
of the September 6, 2025 Dispute**

**COMPLAINT ¶74:**

Upon information and belief, prior to September 6, 2025, Defendant BMW Financial received Defendant Equifax's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

Upon information and belief, Defendant BMW Financial failed to review all relevant information provided by Defendant Equifax regarding Plaintiff's dispute tendered prior to September 6, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

Upon information and belief, Defendant BMW Financial verified the disputed information as accurate to Defendant Equifax on or about September 6, 2025.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

Defendant BMW Financial violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff's September 27, 2025 Dispute to Equifax
Regarding the Inaccurate Credit Reporting**

**COMPLAINT ¶78:**

Plaintiff obtained a copy of his Equifax report on September 17, 2025. Equifax reported the account as follows:

> **BMW FINANCIAL SERVICES**
> **Account Number: *5757**
> **Date Opened: 02/28/2021**
> **Balance: $0**
> **Payment History: C remark between March and July 2025**
> **Narrative Codes: 166 — Consumer Disputes This Account information**

31

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

In response to receiving this report, Plaintiff sent a dispute to Equifax via its online portal on or about September 27, 2025 disputing the same delinquency information on his credit report.

**ANSWER:**

Equifax admits that on September 27, 2026, it received an online dispute from Plaintiff concerning the BMW account, the contents of which speak for themselves.

**Defendant Equifax's Unreasonable Dispute Reinvestigation
of the September 27, 2025 Dispute**

**COMPLAINT ¶80:**

According to Equifax's consumer app, Equifax received and completed the reinvestigation of Plaintiff's online dispute the same day of September 27, 2025.

**ANSWER:**

Equifax admits that on September 27, 2026, it received an online dispute from Plaintiff concerning the BMW account. Equifax further admits that on September 27, 2025, it sent Plaintiff reinvestigation results.

**COMPLAINT ¶81:**

Upon information and belief, Equifax sent Defendant BMW an automated credit dispute verification ("ACDV") pursuant to Plaintiff's September 27, 2025 dispute to Equifax.

325736377v.1

**ANSWER:**

Equifax admits that it contacted BMW, via ACDV, in connection with its investigation of Plaintiff's dispute received on September 27, 2025.

**COMPLAINT ¶82:**

Based on the fact that this was an online dispute through Equifax's app and the speed at which it was processed, upon information and belief, this dispute was completely automated. No human being worked on or reviewed the dispute or its response.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶83:**

Upon information and belief, Defendant Equifax failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶84:**

Upon information and belief, Defendant Equifax failed to conduct a reasonable reinvestigation of Plaintiff's September 27, 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶85:**

Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered on September 27, 2025, or any reinvestigation whatsoever, to determine

325736377v.1

whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶86:**

Upon information and belief, as a result of the September 27, 2025 dispute, nothing was changed on Plaintiff's BMW account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendant BMW Financial's Unreasonable Dispute Reinvestigation of the September 27, 2025 Dispute**

**COMPLAINT ¶87:**

Upon information and belief, on September 27, 2025, Defendant BMW Financial received Defendant Equifax's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶88:**

Upon information and belief, Defendant BMW Financial failed to review all relevant information provided by Defendant Equifax regarding Plaintiff's dispute tendered on September 27, 2025.

34

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶89:**

Upon information and belief, Defendant BMW Financial verified the disputed information as accurate to Defendant Equifax on or about September 27, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

Defendant BMW Financial violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**Plaintiff's Dispute and Defendant Equifax's Unreasonable Dispute
Reinvestigation in October 2025**

**COMPLAINT ¶91:**

As in September 2025, Plaintiff disputed the inaccurate information on his
BMW account with Equifax via its online portal, on or about October 13, 2025.

**ANSWER:**

Equifax admits that on October 13, 2025, it received a dispute from Consumer

Lawyers U.S., on Plaintiff's behalf, via mail, concerning the BMW account. Equifax

denies the remaining allegations in this paragraph.

**COMPLAINT ¶92:**

Upon information and belief, Equifax sent Defendant BMW an automated
credit dispute verification ("ACDV") pursuant to Plaintiff's October 13, 2025
dispute to Equifax.

**ANSWER:**

Equifax admits that it contacted BMW, via ACDV, in connection with its

investigation of the dispute it received on October 13, 2025.

**COMPLAINT ¶93:**

Based on the fact that this was an online dispute through Equifax's app, upon
information and belief, this dispute was completed automated. No human being
worked on or reviewed the dispute or its response.

**ANSWER:**

Equifax denies the allegations in this paragraph on the basis that the dispute

received on October 13, 2025 was received via mail.

36

325736377v.1

**COMPLAINT ¶94:**

Upon information and belief, Defendant Equifax failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶95:**

Upon information and belief, Defendant Equifax failed to conduct a reasonable reinvestigation of Plaintiff's October 13, 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶96:**

Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered on October 13, 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶97:**

Upon information and belief, as a result of the October 13, 2025 dispute, nothing was changed on Plaintiff's BMW account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

37

325736377v.1

**Defendant BMW Financial's Unreasonable Dispute Reinvestigation of the
October 13, 2025 Dispute**

**COMPLAINT ¶98:**

Upon information and belief, on October 13, 2025, Defendant BMW Financial received Defendant Equifax's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶99:**

Upon information and belief, Defendant BMW Financial failed to review all relevant information provided by Defendant Equifax regarding Plaintiff's dispute tendered on October 13, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶100:**

Upon information and belief, Defendant BMW Financial verified the disputed information as accurate to Defendant Equifax on or about October 13, 2025.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶101:**

Defendant BMW Financial violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff's Dispute to Equifax Dated December 29, 2025**

**COMPLAINT ¶102:**

Plaintiff obtained a copy of his Equifax credit reports on December 9, 2025. The report continued to show collection remarks between March and July 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶103:**

Still trying to dispute and fix the inaccuracies on his credit report, Plaintiff sent a written dispute to Equifax via U.S. Mail on or about December 29, 2025. Plaintiff's dispute was delivered on January 2, 2026.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶104:**

With this written dispute, Plaintiff attached identification documents and supporting documentation, along with several paragraphs explaining Equifax's and BMW's errors.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Equifax's Unreasonable Dispute Reinvestigation in January 2026**

**COMPLAINT ¶105:**

Upon information and belief, Equifax sent Defendant BMW an automated credit dispute verification ("ACDV") pursuant to Plaintiff's December 29, 2025 dispute to Equifax.

40

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶106:**

Upon information and belief, Defendant Equifax failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶107:**

Upon information and belief, Defendant Equifax failed to conduct a reasonable reinvestigation of Plaintiff's December 29, 2025 dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶108:**

Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered on December 29, 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶109:**

Plaintiff did not receive a response from Equifax regarding his December 29, 2025 dispute.

41

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶110:**

On January 16, 2026, Plaintiff obtained a copy of his updated Equifax report and Equifax continued to report the collection remarks on his BMW Financial Account. However, Equifax changed the date of the collection remarks. Whereas the collection remarks were previously reported between March and July 2025, Equifax was now reporting the collection remarks between June 2025 and November 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶111:**

Not only did the inaccuracy persisted, it was made worse. The delinquencies are now reported as more recent and during a time that the account was entirely paid.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶112:**

The account had been paid in full since August 27, 2025, so reporting September, October, and November as in collections is not only misleading but factually incorrect.

325736377v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendant BMW Financial's Unreasonable Dispute Reinvestigation
of the December 29, 2025 Dispute**

**COMPLAINT ¶113:**

Upon information and belief, on or around January 2026, Defendant BMW Financial received Defendant Equifax's ACDV and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶114:**

Upon information and belief, Defendant BMW Financial failed to review all relevant information provided by Defendant Equifax regarding Plaintiff's dispute dated December 29, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶115:**

Upon information and belief, Defendant BMW Financial verified the disputed information as accurate to Defendant Equifax.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶116:**

Defendant BMW Financial violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Equifax Deletes Plaintiff's BMW Financial Account on February 19, 2026**

**COMPLAINT ¶117:**

After failing to receive a dispute response from Equifax for his December 2025 dispute, some time prior to February 19, 2026, Plaintiff sent another dispute to Equifax regarding the delinquencies on his BMW Financial account ending in *5757.

44

**ANSWER:**

Equifax admits that on February 19, 2026, it received an online dispute from Plaintiff concerning the BMW account. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶118:**

Upon information and belief, Equifax sent Defendant BMW Financial an automated credit dispute verification ("ACDV") pursuant to Plaintiff's dispute to Equifax.

**ANSWER:**

Equifax admits that it contacted BMW, via ACDV, in connection with its investigation of Plaintiff's dispute received on February 19, 2026.

**COMPLAINT ¶119:**

Upon information and belief, Defendant BMW Financial requested a full deletion of the account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶120:**

On or about February 19, 2026, Equifax deleted the BMW Financial account from Plaintiff's credit report.

325736377v.1

**ANSWER:**

Equifax admits that on February 19, 2026, it sent Plaintiff reinvestigation results, the contents of which speak for themselves.

**Defendant Equifax's Method for Considering
Consumer Credit Report Disputes**

**COMPLAINT ¶121:**

The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes. See 15 U.S.C. § 1681i(a)(5)(D).

**ANSWER:**

Equifax admits that it has implemented an automated system through which furnishers of information may report the results of a reinvestigation to it but denies the remaining allegations in this paragraph.

**COMPLAINT ¶122:**

The credit bureaus, Equifax, Experian, Trans Union, and Innovis, have thus created the Online Solution for Complete and Accurate Reporting, or e-OSCAR, as the credit industries' standard of performance. e-OSCAR allows the credit bureaus to create and data furnishers to respond to disputes initiated by consumers by routing credit reporting agency-created prompts for automated consumer dispute verifications to the appropriate data furnishers. e-OSCAR utilizes a numeric-alpha language specific to the credit reporting industry.

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶123:**

That lexicon or unique language is commonly referred to in the credit reporting industry as "Metro 2 Format" or "Metro 2."

46

325736377v.1

**ANSWER:**

Equifax admits that Metro 2 is a lexicon used by the credit reporting industry, but denies that it is the only one used. Equifax further denies the remaining allegations in this paragraph.

**COMPLAINT ¶124:**

It is also known industry wide as the CDIA's "Credit Reporting Resource Guide."

**ANSWER:**

Equifax admits that Metro 2 and its CDIA guidelines are a lexicon used by the credit reporting industry, but denies that it is the only one used. Equifax further denies the remaining allegations in this paragraph.

**COMPLAINT ¶125:**

Metro 2 is driven by numeric codes that translate into specific alpha representations about consumers' creditworthiness and character that will ultimately appear on credit reports issued to third parties who make credit, insurance, rental, and employment decisions regarding consumers.

**ANSWER:**

Equifax admits that the Metro 2 lexicon includes numeric codes that translate into representations that may appear on credit reports issued to third parties. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶126:**

Metro 2 codes are used on an industry wide form known within the credit industry as an Automated Consumer Dispute Verification ("ACDV") electronic form.

47

325736377v.1

**ANSWER:**

Equifax admits that the Metro 2 lexicon is used with ACDVs. Equifax denies

the remaining allegations in this paragraph.

**COMPLAINT ¶127:**

The ACDVs have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**COMPLAINT ¶128:**

These ACDV "fields" have various titles for the many substantive areas into which the Metro 2 codes can be entered.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**COMPLAINT ¶129:**

Upon receiving a dispute from a consumer, the credit bureaus have an automated system that prepares ACDVs that are sent to each of the data furnishers that are reporting the credit accounts disputed by a consumer.

**ANSWER:**

Equifax admits that upon receiving a consumer dispute, an ACDV is often

prepared and sent to a data furnisher that is reporting the disputed information, if

that furnisher has elected to receive disputes via that process. Equifax lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

48

**COMPLAINT ¶130:**

The data furnishers, like Defendant BMW Financial, then have an obligation under the FCRA to conduct a reasonable reinvestigation with respect to the disputed credit account and review all relevant information provided by the consumer with the dispute to determine whether the disputed credit account information is accurate and/or belongs to the disputing consumer. See 15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶131:**

Once the data furnisher completes its reinvestigation, it will code the ACDV accordingly, representing either that the disputed account was verified as accurate and belonging to the disputing consumer, updating information related to the account, or deleting the account entirely, and return the ACDV to the respective credit bureau(s) via e-OSCAR.

**ANSWER:**

Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

325736377v.1

**COMPLAINT ¶132:**

Plaintiff reasonably believes that Defendant BMW Financial continued to furnish data to Defendant Equifax inaccurately suggesting that Plaintiff had been delinquent on the account for months when he had not.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶133:**

Plaintiff reasonably believes that Defendant Equifax continued to publish that Plaintiff still had delinquencies listed on the BMW Financial account until February 19, 2026.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶134:**

As a result of the inaccurate reporting of the account delinquency, the Defendants made it difficult for Plaintiff to continue to obtain credit or terms that he would otherwise qualify for.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶135:**

At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of

50

325736377v.1

their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.

Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶136:**

At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶137:**

As a standard practice, Defendant Equifax does not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997) (The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); Apodaca v. Discover Fin. Servs., 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); Gorman v. Experian Info. Sols., Inc., 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself,

and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

51

325736377v.1

misquotes, or takes out of context the contents of the case law referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

## COMPLAINT ¶138:

Defendant Equifax is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Defendant Equifax's violations of the FCRA are willful.

## ANSWER:

Equifax denies the allegations in this paragraph.

### The Results of Defendants' Failures

## COMPLAINT ¶139:

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages in multiple forms.

## ANSWER:

Equifax denies the allegations in this paragraph.

## COMPLAINT ¶140:

Specifically, Plaintiff lost an investment property in June 2025 as his credit score, as a result of the Defendants' inaccuracies, prevented him from getting a mortgage to purchase the property.

## ANSWER:

Equifax denies the allegations in this paragraph.

## COMPLAINT ¶141:

On September 6, 2025, Plaintiff needed a debt consolidation loan in order to meet his financial goals and requested such a loan from Citibank, where has been a longstanding customer. Because of this inaccurate credit reporting and Defendants' failure to property reinvestigate Plaintiff's disputes, Plaintiff was offered the debt consolidation loan with Citibank with worse terms, a 12-17% APR, than he otherwise would have been entitled.

325736377v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶142:**

The term of this Citibank loan resulted in Plaintiff having to pay higher interest and other fees that he would otherwise not have.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶143:**

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendant Equifax)

**COMPLAINT ¶144:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

53

325736377v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶145:**

The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶146:**

On numerous occasions, Defendant Equifax prepared patently false consumer reports concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶147:**

Defendant Equifax readily sold such false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

54

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶148:**

Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶149:**

As a result of Defendant Equifax's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶150:**

As a result of Defendant's conduct, actions, and inactions, Plaintiff was unable to secure a mortgage on an investment property. In addition, Plaintiff had to accept worse terms for a debt consolidation loan where he was originally able to secure a less than 12% APR interest rate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

55

**COMPLAINT ¶151:**

Defendant Equifax's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated

the FCRA or any other law, and denies that Plaintiff is entitled to any damages

whatsoever.

**COMPLAINT ¶152:**

Plaintiff is entitled to recover attorneys' fees and costs from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the

Complaint.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim for Relief Against Defendant Equifax)**

**COMPLAINT ¶153:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

56

325736377v.1

**COMPLAINT ¶154:**

The FCRA mandates that a CRA conducts an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. Id.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶155:**

The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶156:**

On at least one occasion during the past two years, Plaintiff disputed the inaccurate information with Equifax and requested that they correct and/or delete a specific item in his credit file that is patently inaccurate, misleading, and highly damaging to him, namely, the history delinquency statuses on his BMW Financial Account noted herein.

325736377v.1

**ANSWER:**

Equifax admits that, in the last two years, it has received dispute from Plaintiff, or on Plaintiff's behalf, concerning the BMW account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶157:**

In response to Plaintiff's dispute, Equifax failed to conduct a reinvestigation, or such investigation was so shoddy as to allow patently false, logically inconsistent, and damaging information to remain in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶158:**

Defendant Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶159:**

As a result of Defendant Equifax's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

325736377v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶160:**

As a result of Defendant Equifax's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶161:**

As a result of Defendant's conduct, actions, and inactions, Plaintiff was unable to secure a mortgage on an investment property. In addition, Plaintiff had to accept worse terms for a debt consolidation loan where he was originally able to secure a less than 12% APR interest rate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶162:**

Defendant Equifax's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

325736377v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶163:**

Plaintiff is entitled to recover attorneys' fees and costs from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct an Investigation of the Disputed Information and Review all Relevant Information Provided by the Consumer**
**(Only Claim for Relief Against Defendant BMW Financial)**

**COMPLAINT ¶164:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶165:**

Defendant BMW Financial furnished the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax.

325736377v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶166:**

Defendant BMW Financial violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute, or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶167:**

As a result of Defendant BMW Financial's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

325736377v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶168:**

As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶169:**

As a result of Defendant's conduct, actions, and inactions, Plaintiff was unable to secure a mortgage on an investment property. In addition, Plaintiff had to accept worse terms for a debt consolidation loan where he was originally able to secure a less than 12% APR interest rate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325736377v.1

**COMPLAINT ¶170:**

Defendant BMW Financial's conduct, action, and inaction were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶171:**

Plaintiff is entitled to recover attorneys' fees and costs from Defendant BMW Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i.     Determining that Defendants negligently and/or willfully violated the FCRA;

ii.    Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii.   Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

63

325736377v.1

iv.     Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.   Equifax is neither incorporated nor headquartered in Florida, and the conduct giving rise to Plaintiff's claim occurred outside of Florida and was not targeted at Florida.

64

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

## THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

65

325736377v.1

DATED:  June 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Paige Vacante_____
    Paige Vacante, Bar No. 1019135
    pvacante@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC*

66

325736377v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Paige Vacante*
Paige Vacante
*Counsel for Defendant*
*Equifax Information Services LLC*

325736377v.1