**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:26-cv-22554-KMM**

MATIAS HERCOVICH MONTALBA,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
and BMW FINANCIAL SERVICES N.A., LLC,
      Defendants.

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Matias Hercovich Montalba and Defendant Equifax Information Services, LLC ("Equifax") and BMW Financial Services N.A. ("BMW") (herein referred as "the Parties"), pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), move for entry of a Protective Order in the form attached as Exhibit A.

### Memorandum of Law

In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c).... Because parties often resist the exchange of confidential information, parties regularly agree, and courts often order, that discovery information will remain private. The Manual for Complex Litigation, prepared by the Federal Judicial Center, suggests that in complicated cases where document-by-document review of discovery materials would be unfeasible, an "umbrella" protective order ... should be used to protect documents designated in good faith by the producing party as confidential.

*In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355(11th Cir. 1987) (citing cases); *see also* Manual for Complex Litigation, Fourth, 64.

Here, the information that will likely be sought in discovery as this case progresses includes information about Defendant's processes for receiving, maintaining, and reporting confidential credit information.  Rather than burdening the Court and delaying discovery in this case by

objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to designate certain information as confidential. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

RESPECTFULLY SUBMITTED this 11th day of June 2026,

*/s/ Austin Griffin*
Austin Griffin, FL #117740
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (305) 433-3252
F: (480) 613-7733
E: agriffin@consumerjustice.com


*Attorneys for Plaintiff*
*Matias Hercovich Montalba*

*/s/ Paige Vacante*
Paige Vacante, Bar No. 1019135
pvacante@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
Telephone:  (312) 460-5000

*Counsel for Defendant*
*Equifax Information Services LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Austin Griffin*

*Hercovich Montalba, Matias v Equifax*
*Information Services, LLC., et al*
Joint Motion for Protective Order